UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Julie Marie Acosta,

    Plaintiff,

v.                                   Case No. 17-12414

Commissioner of Social Security,      Sean F. Cox
                                                        United States District Court Judge
    Defendant.
_____/

## ORDER ADOPTING 9/6/2018 REPORT AND RECOMMENDATION

Plaintiff filed this action seeking judicial review of Defendant Commissioner of Social Security's unfavorable decision denying her claim for disability insurance benefits and supplemental security income benefits. The matter was referred to Magistrate Judge Stephanie Dawkins Davis for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and the issuance of a Report and Recommendation ("R&R") pursuant to § 636(b)(1)(B) and (C). Thereafter, the parties filed cross-motions for summary judgment.

On September 6, 2018, Judge Davis issued her R&R, wherein she recommends that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the Commissioner's decision. (ECF No. 23).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate

1

judge's disposition to which specific written objection has been made." *Id*.

On September 24, 2018, the Court granted Plaintiff's motion to extend the time to file her objections. On October 4, 2018, Plaintiff filed objections to the R&R within the Court's extension period. (D.E. 20). Defendant filed a response to those objections on October 19, 2018. (D.E. 21).

To properly object to the R&R, however, the "Plaintiff must do more than merely restate the arguments set forth in [his or] her summary judgment motion." *Senneff v. Colvin*, 2017 WL 710651 at *2 (E.D. Mich. 2017). A district court is not obligated to address objections that are recitations of the same arguments that were addressed by the magistrate judge because "such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Commission of Soc. Sec.*, 2013 WL 1304470 at * 3 (W.D. Mich. 2013) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Plaintiff raises four objections. The first three are waived because they are near word-for-word recitations of Plaintiff's arguments in her motion for summary judgment, which were fully addressed by Judge Davis. *Compare* ECF No. 18, PageID 493-505 *with* ECF No. 26, PageID 579-588. Thus, these arguments are not properly before the Court.

Plaintiff's fourth objection is sufficiently distinct to require review by the Court. Plaintiff objects to Judge Davis's conclusion that her argument concerning the Administrative Law Judge ("ALJ")'s credibility determination was cursory and underdeveloped. Plaintiff argues that, in her motion for summary judgment, she presented a "legal theory, a summary of the ALJ's findings on the issue, an analysis of why her testimony was consistent with the record, and a citation to Sixth Circuit case law."

This is the entirety of Plaintiff's credibility argument in her motion for summary judgment:

> Finally, the ALJ erred in finding Plaintiff was not credible. The ALJ made adverse credibility findings at AR 28 and AR 30-31. He found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely credibility for the reasons explained in this decision." (AR 31). A closer review of the record reveals Plaintiff could perform minimal and basic household chores. But on the whole, her condition, symptoms and medication regime severely limited her ability to function and rendered her unable to work. The ALJ's adverse credibility findings were essentially boilerplate, and based on an RFC and medical findings that were erroneous for the reasons set forth in this brief. *See Cox v. Comm'r of Soc. Sec.*, 615 Fed. Appx. 254, 259-260 (6th Cir. 2015) (unpublished) (reversing denial of benefits in part because ALJ used summary boilerplate to reject the claimant's credibility).

Judge Davis aptly described this argument as perfunctory. Plaintiff sets forth only conclusory statements and a reference to "reasons set forth in this brief." She does not describe her testimony. Nor does she explain why the ALJ's credibility determination was boilerplate.[1] Thus, the Court agrees with Judge Davis's conclusion as to this argument.

Accordingly, the Court hereby ADOPTS the June 1, 2018 R&R and ORDERS that Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated: January 22, 2019          s/Sean F. Cox
         Sean F. Cox
         U. S. District Judge

---

[1] Such an explanation would have surely been helpful given that the ALJ appears to have fully explained his credibility determination in the pages immediately proceeding the sentence cited by Plaintiff. (ECF No. 13-2, PageID 77-78) (comparing Plaintiff's statements with other record evidence and finding contradictions).

I hereby certify that on January 22, 2019, the foregoing document was served on counsel of record via electronic means and upon Julie Marie Acosta via First Class mail at the address below:

Julie Marie Acosta
304 East Main Street
Stockbridge, MI 49285

                                                                                      s/E. Karhoff
                                                                                       Case Manager Generalist